**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

IN RE
**LYKINS ENTERPRISES, INC.**                              **CASE NO. 10-20240**

**MATA VAISHNO, INC.**
                                                          **PLAINTIFF**

v.                                                        **ADV. NO. 10-2056**

**LYKINS ENTERPRISES, INC.**                              **DEFENDANT**

### MEMORANDUM OPINION

The issues presented in the cross-motions for summary judgment are 1) whether, for the purposes of assumption or rejection, the agreement executed between the parties with regard to real property located on Highway 3037, Vanceburg, Kentucky is an executory contract or a lease of real property, and 2) whether the Plaintiff is entitled to specific performance to obtain possession of the premises.

In its Motion for Summary Judgment (Doc. No. 8) the Debtor argues the nature of the agreement is "wholly irrelevant" and the determination whether the agreement is an executory contract or an unexpired lease is unnecessary because the Plaintiff is not in possession of the leased premises. The argument concludes that the lack of possession of the premises yields a result favoring the Debtor without regard to whether the agreement is an executory contract or a lease. The court disagrees. Section 365(a) provides a trustee or debtor in possession may assume or reject an executory contract or unexpired lease subject to court approval. In order to ascertain the available rights and remedies following assumption or rejection under 365(a), the determination must first be made whether the agreement is an executory contract or an unexpired lease.

The evidence in this adversary proceeding and applicable law support entry of a summary decision in favor of the Plaintiff finding the agreement between the parties is an unexpired lease of real property.  For the reasons discussed below, the Debtor's Motion for Summary Judgment is denied and the Plaintiff's Motion for Summary Judgment (Doc. No. 12) is granted in part to the extent it seeks a determination that the agreement is an unexpired lease of real property and denied as to all remaining issues.

Entry of a summary decision is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56, FED. R. BANKR. P. 7056.  Further, a summary decision is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Novak v. MetroHealth Medical Center*, 503 F.3d 572, 577 (6th Cir. 2007).

The following facts are not disputed:

The Debtor is the owner of real property at 162 Market Drive, Vanceburg, Kentucky on which a convenience store is located.  The Debtor and the Plaintiff negotiated and entered into a written agreement regarding fuel sales and the operations of the convenience store.  The agreement is dated September 22, 2009.  The terms of the agreement provide the Debtor owns all fuel stored and sold on the premises and the Plaintiff controls all economic activity on the premises beginning on January 1, 2010.  Plaintiff never took control of the convenience store or fuel sales.

Section 365 of the Bankruptcy Code governs the circumstances under which a trustee or debtor in possession may assume or reject an executory contract or unexpired lease to which the

debtor is a party. *In re G. Force Investments, Inc.*, --- B.R. ----, 2010 WL 5392888, at *2 (Bankr. N.D. Ohio 2010). For purposes of § 365, the "meaning of the term 'lease' is a question of federal law, informed to a considerable extent by state law principles the court is bound to respect." *In re Aurora Oil & Gas Corp.*, 439 B.R. 674, 677 (Bankr. W.D. Mich. 2010) quoting *Terrell v. Albaugh (In re Terrell)*, 892 F.2d 469, 471-72 (6th Cir. 1989). Reference to § 365 of the Code yields little in the definition of the term "lease", but some guidance is provided by § 365(m) which states, "leases of real property shall include any rental agreement to use real property." Reference to state law principles provides more guidance.

The court's primary responsibility in a contractual dispute is to "effectuate the parties' intent." *William C. Roney Co. v. Federal Ins. Co.*, 674 F.2d 587, 590 (6th Cir. 1982). The court will give effect to the real and dominant intention of the parties when that intention can be definitely ascertained. *Trinity Temple Charities v. City of Louisville*, 188 S.W.2d 91, 94 (Ky. 1945). To create the relationship of landlord and tenant it should appear from the agreement that one party intends to dispossess himself of the premises. *Mercantile Realty Co. v. Allen Edmonds Shoe Corp.*, 92 S.W.2d 837, 839 (Ky. 1936); *Alexander v. Gardner*, 96 S.W. 818, 819 (Ky. 1906). It should also appear that the other party intends to enter and occupy the premises in a manner that the first party had the right to do. *Mercantile Realty Co.*, 92 S.W.2d at 839.

The agreement executed by the parties conveys an estate in land to the Plaintiff which is a right that may be conveyed pursuant to a lease. *See Dan Cohen Realty Co. v. National Sav. & Trust Co.*, 36 F.Supp. 536, 538 (E.D. Ky. 1941). "A lease is but a conveyance of an estate in realty." *Mattingly's Executor v. Brents*, 159 S.W. 1157, 1160 (Ky. 1913). In addition, the language chosen by the parties, including identifying themselves as "landlord" and "tenant," is

3

given great weight by this court, although not solely determinative of the parties' intent. *Mercantile Realty Co.*, 92 S.W.2d at 839.

In the agreement the Debtor demised the premises to the Plaintiff and dispossessed itself of the real property. *See* Lease, Doc. No. 8, page 10, paras. 1, 10, 11. For example, in paragraph 10 the agreement provides the "Landlord may re-enter and … resume possession of said premises" if the lease is terminated or not renewed. Under the agreement the Plaintiff is responsible for the payment of all charges due in connection with utility usage on the property. *See* Lease, para. 5.e. The Plaintiff is responsible for procuring and maintaining policies of insurance as requested by the Debtor, including coverage for injuries to the property. *See* Lease, para. 13. The Debtor reserved no right to exercise control of the Plaintiff's operations conducted on the property. *See* Lease, para. 14.

The evidence of record supports the determination that the "real and dominant intention of the parties" as memorialized in the agreement is vesting in the Plaintiff the right to enter and occupy the real property to the exclusion of the rights of the Debtor.

In Kentucky, consideration for the use of the premises is a material term of a lease. *Walker v. Keith*, 382 S.W.2d 198, 202 (Ky. 1964). Consideration usually takes the form of rent, but as used in general contract law, consideration may be any benefit to the party making the promise. *Huff Contracting v. Sark*, 12 S.W.3d 704 (Ky. Ct. App. 2000); BLACK'S LAW DICTIONARY 898 (7th ed. 1999). Consideration was paid by the Plaintiff to the Debtor prior to the Debtor granting possession of the real property. *See* Lease, para. 1. The agreement labels the monetary consideration as a payment for "goodwill" instead of pre-paid rent. This labeling does not alter the nature of the monetary exchange as providing a benefit to the Debtor as the party making the promise to dispossess itself of its rights in the real property.

4

The evidence of record supports the determination that the written agreement of the parties is a lease designed to provide the Plaintiff possession of the real property on which the convenience store is located. This possession is, by the parties' design, to the exclusion of the Debtor.

The second issue in the cross-motions for summary judgment seeks the determination whether the Plaintiff is entitled to specific performance to obtain possession of the premises. Section 365(h) prescribes the rights and remedies available to a lessee when the trustee or debtor in possession rejects an unexpired lease of real property. Debtor argues that Plaintiff is not entitled to specific performance under 11 U.S.C. § 365(h) because of the lack of possession of the premises. This is a correct statement of the applicable law, but for the wrong reason. The facts and law provide three reasons why the Plaintiff is not entitled to specific performance under 11 U.S.C. § 365(h).

First, § 365(h) provides, *inter alia*, a lessee may *retain its rights under a lease* if the trustee or debtor in possession rejects an unexpired lease of real property under which the debtor is the lessor. 11 U.S.C. § 365(h) (emphasis supplied). Specific performance is not a right or remedy available pursuant to the terms of the parties' agreement. Specific performance is a remedy available under applicable state law. Second, possession of the premises is not required for a lessee to benefit from the rights and remedies of § 365(h). *See* HR Rep 103-834, 103rd Cong., 2nd Sess 21-22 (Oct. 4, 1994); 140 Cong. Rec. H10767 (Oct. 4, 1994). Third, and most importantly in this case, the debtor has not rejected the lease which is the prerequisite that triggers the rights and remedies of § 365(h).

Plaintiff argues that Kentucky law allows the lessee to see an action requiring the lessor to perform as required under the lease. Here, the record is not sufficiently complete with

5

relevant facts and other evidence to allow a determination of whether specific performance is a proper remedy. Accordingly, a summary decision on this issue is improper at this time.

Based on the foregoing, the evidence of record and applicable law support the conclusion that the agreement between the Debtor and Plaintiff is an unexpired lease of real property subject to assumption or rejection by the Debtor under 11 U.S.C. § 365.

This Memorandum Opinion constitutes the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. An order will enter in accordance with this opinion.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge**
**Dated: Wednesday, January 19, 2011**
**(jms)**